BOBBIE R. BAILEY, SBN 159663
bbailey@leaderberkon.com
EDWARD MARTINOVICH, SBN: 237844
emartinovich@leaderberkon.com
LEADER BERKON COLAO &
SILVERSTEIN LLP
550 South Hope Street, Suite 1850
Los Angeles, CA 90071
Telephone: (213) 234-1750
Facsimile:  (213) 234-1747

Attorneys for Plaintiff
**BASF CORPORATION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION,<br><br>                    Plaintiff,<br><br>          -against-<br><br>DAN LEE, individually and d/b/a<br>BEST LUBE & TUNE PLUS a/k/a<br>GARDENA AUTO BODY PLUS a/k/a<br>GARDENA PAINT & BODY SHOP,<br><br>                    Defendant. | COMPLAINT AND<br>DEMAND FOR<br>JURY TRIAL<br><br><br>CIVIL ACTION<br>NO._____ |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant Dan Lee, individually ("Lee") and d/b/a Best Lube & Tune Plus d/b/a Gardena Auto Body Plus a/k/a Gardena Paint & Body Shop ("Body Shop," and collectively with Lee, "Defendant"), alleges as follows:

//

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

**THE PARTIES**

1.      BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2.      Lee is an individual and a citizen of the State of California and may be personally served at 13900 Crenshaw Boulevard, Gardena, California 90249.

3.      Body Shop is an auto body shop engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles located at 13900 Crenshaw Boulevard, Gardena, California 90249. Lee is the owner of Body Shop.

4.      BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

**JURISDICTION AND VENUE**

5.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of California. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in California.

6.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted

- 2 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**

herein occurred in this District and Defendant is subject to the personal jurisdiction in this District.

7.    Michigan substantive law governs BASF's claims per Paragraph 9 of the contract at issue (the "Requirements Agreement").

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

8.    On or about July 21, 2020, Defendant and BASF entered into the Requirements Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

9.    Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $439,437.00 in the aggregate of BASF Glasurit and RM Refinish Products, net of all discounts ("Minimum Purchases"), purchased from an authorized BASF distributor.

10.    Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Body Shop $60,000.00 ("Contract Fulfillment Consideration") in consideration of Body Shop satisfying its obligations under the Requirements Agreement.

11.    Pursuant to Paragraphs 4 and 5 of the Requirements Agreement, BASF also made certain equipment and toners (collectively, "Equipment") available to Body Shop for its use in conjunction with BASF Refinish Products.

12.    Pursuant to Paragraphs 4 and 6 of the Requirements Agreement, the Equipment remained the property of BASF, and upon termination of the Requirements Agreement, Body Shop was to return the Equipment to BASF or repay the value of the Equipment to BASF within 30 days.

13.    The value of the Equipment is $39,927.00.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

14.    Pursuant to Paragraph 6 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Body Shop purchasing a minimum of $439,437.00 of BASF Refinish Products, Body Shop was required to refund the $60,000.00 Contract Fulfillment Consideration to BASF pursuant to the following schedule:

| Purchases | Contract Fulfillment Consideration and Equipment Value Refund |
|---|---|
| Less than 1/5th of Minimum Purchases | 110% |
| Less than 2/5th and greater than 1/5th of Minimum Purchases | 95% |
| Less than 3/5th and greater than 2/5th of Minimum Purchases | 75% |
| Less than 4/5th and greater than 3/5th of Minimum Purchases | 55% |
| Less than 5/5th and greater than 4/5th of Minimum Purchases | 35% |
| After 5/5th of Minimum Purchases | 0% |

15.    Furthermore, as part of the Requirements Agreement, Lee signed an Owner's Personal Guaranty ("Personal Guaranty") by which he unconditionally guaranteed Body Shop's performance under the terms of the Requirements Agreement, including but not limited to the repayment of the Contract Fulfillment Consideration to BASF.

***Defendant's Breach of the Requirements Agreement***

16.    In or about August 2022, Defendant, without any legal justification, breached and ultimately terminated the Requirements Agreement by,

- 4 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**

among other things, ceasing to purchase BASF Refinish Products from an authorized BASF distributor and instead purchasing Refinish Products from another source before fulfilling his Minimum Purchases requirement.

17. Since at least August 2022, Defendant has failed and refused to purchase any BASF Refinish Products in violation of Paragraphs 1 and 2 of the Requirements Agreement.

18. Defendant's breach occurred prior to purchasing a minimum of $439,437.00 of BASF Refinish Products. As of the date of Defendant's breach, Body Shop had made $93,421.00 in purchases of BASF Refinish Products, leaving a purchase balance of $346,016.00 remaining due and owing on the Minimum Purchases requirement.

19. In violation of Paragraph 6 of the Requirements Agreement, Body Shop has failed and refused to refund BASF 95% of the $60,000.00 Contract Fulfillment Consideration, which is $57,000.00.

20. Also in violation of Paragraph 6 of the Requirements Agreement, Body Shop has failed and refused to return the Equipment to BASF or pay BASF $39,927.00 for the value of the Equipment.

21. Moreover, in breach of the Personal Guaranty in Paragraph 15 of the Requirements Agreement, Lee has failed and refused to refund 95% of the Contract Fulfillment Consideration ($57,000.00) to BASF, pay BASF the $346,016.00 balance of Body Shop's Minimum Purchases requirement, or pay BASF $39,927.00 for the value of the Equipment.

22. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

23. By letter dated January 27, 2023, a true and accurate copy of which is attached hereto as **Exhibit B**, BASF gave Defendant notice that he was in

- 5 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

default of his contractual obligations and demanded a refund of the Contract Fulfillment Consideration and return of or payment for the value of the Equipment. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation. BASF followed up with Defendant via an email dated April 5, 2023 (attached hereto as **Exhibit C**) and an email from outside counsel dated May 10, 2023 (attached hereto as **Exhibit D**).

24. Despite the foregoing, Defendant has failed to satisfy his obligations under the terms of the Requirements Agreement.

## COUNT I

### Breach of Contract

25. BASF incorporates by reference the allegations contained in the above paragraphs.

26. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of his requirements for Refinish Products up to the Minimum Purchases requirement of $439,437.00 in the aggregate of BASF Glasurit and RM Refinish Products, net of all discounts.

27. Despite his obligations under the Requirements Agreement and in breach thereof, Defendant only purchased $93,421.00 in BASF Refinish Products before breaching and terminating the Requirements Agreement and thus failed to meet the Minimum Purchases requirement under the Requirements Agreement or pay BASF the amounts due and owing thereunder.

28. Because of Defendant's unjustified breach of the Requirements Agreement without legal excuse and, pursuant to Paragraph 6 of the Requirements Agreement, Defendant is obligated to repay to BASF 95% of the Contract Fulfillment Consideration, which is $57,000.00.

29. Defendant is also obligated under the Requirements Agreement to repay BASF for the value of the Equipment, which is $39,927.00.

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

30.     As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

a.     $57,000.00 for refund of 95% of the Contract Fulfillment Consideration;

b.     The $346,016.00 balance of the $439,437.00 Minimum Purchases requirement; and

c.     $39,927.00 for the value of the Equipment.

31.     BASF has performed and fulfilled all obligations and conditions above and beyond what was required of it under the terms of the Requirements Agreement. Defendant's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF in an amount to be determined at trial but not less than $442,943.00.

WHEREFORE, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II

### Unjust Enrichment

32.     BASF incorporates by reference the allegations contained in the above paragraphs.

33.     Through BASF's business relationship with Defendant, Defendant received the benefit of the $60,000.00 given by BASF in anticipation of the parties' continued business relationship.

34.     Defendant terminated the parties' business relationship but has failed and refused to return $60,000.00 Contract Fulfillment Consideration to BASF despite BASF's demand for repayment.

- 7 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

35. Through BASF's business relationship with Defendant, Defendant also received the benefit of BASF's Equipment, which has a value of $39,927.00, in anticipation of the parties' continued business relationship.

36. Defendant terminated the parties' business relationship but has failed and refused to return the Equipment to BASF or pay BASF for its value.

37. BASF expected remuneration in the sum of $60,000.00 for return of the Contract Fulfillment Consideration and return of the Equipment or payment for its value at the conclusion of the parties' business relationship. Defendant's failure to give remuneration in the amount of $60,000.00 or return or pay for the Equipment has unjustly enriched Defendant.

38. Permitting Defendant to retain the benefits of the unearned $60,000.00 given by BASF and the $39,927.00 value of the Equipment, when Defendant prematurely terminated his business relationship with BASF, would be inequitable and unjust to BASF.

39. By reason of the foregoing, Defendant has been unjustly enriched by $99,927.00, for which BASF is entitled to be compensated in full by Defendant together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, but not less than $99,927.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III

### Declaratory Relief

40. BASF incorporates by reference the allegations contained in the above paragraphs.

41. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

- 8 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

42. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning each party's rights and obligations under the Requirements Agreement. Defendant contends he has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

43. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $442,943.00, together with prejudgment interest;

b. Awarding BASF declaratory judgment that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

- 9 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

Dated:          January 17, 2024

                                        LEADER BERKON COLAO &

                                        SILVERSTEIN LLP

                                        By: /s/ Bobbie R. Bailey

                                        Bobbie R. Bailey, Esq.
                                        Edward Martinovich, Esq.
                                        Attorneys for Plaintiff
                                        BASF Corporation
                                        Email: bbailey@leaderberkon.com
                                                emartinovich@leaderberkon.com

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 10 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**